PILLSBURY FLOUR MILLS COMPANY *vs.* HARRY BRESKY & others.

Suffolk.   December 10, 1928. — January 4, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Contract*, Construction, Custom. *Sale. Custom. Evidence*, Competency, Of previous course of dealings.

A contract in writing for the sale of flour of a special brand stated the purchaser to be of "Boston, Mass." and specified a price which was the prevailing price in Boston on the date the contract was signed, and a freight rate which was the rate from the seller's mill to Boston on that date, but designated no specific place of delivery. The parties had had previous dealings in other brands of flour, in which the seller had made shipments in accordance with the purchaser's instructions, but shipments of such special brand had always been made to Boston except in one transaction, in which the seller required the purchaser to name the destination of the flour before the contract was signed. The purchaser knew that it was a custom in the flour trade for sellers to give to an agent the exclusive agency of sale in a designated territory. The purchaser requested delivery of the flour in question to Brooklyn, New York, but the seller refused to make a shipment there, informing the purchaser that an agent of the seller had the exclusive right to sell that brand of flour in that city. The purchaser did not know until that

592 PILLSBURY FLOUR MILLS CO. *v.* BRESKY. [265

time that Brooklyn was restricted territory for the sale of such brand of flour. In an action by the seller against the purchaser for damages due to the defendant's refusal to accept the flour, it was *held*, that

(1) The contract showed that the flour was to be shipped to Boston;

(2) The parties entered into the contract subject to the custom in the flour trade, and the defendant could not require delivery in a restricted territory;

(3) Although evidence of the previous course of dealings between the parties was admissible, it did not as a matter of law establish a right in the defendant to have shipment of the special brand of flour in question in a restricted territory;

(4) The plaintiff was entitled to recover.

CONTRACT. Writ dated February 14, 1921.

At the close of the evidence at the trial in the Superior Court before *Dubuque*, J., the parties waived trial by jury and submitted the action to the judge on the evidence. Material facts found by the judge are stated in the opinion. The exhibits referred to in the opinion relative to previous shipments were admitted in evidence subject to the plaintiff's exception. The judge reported the action for determination by this court. It was stated in the report that the sum of $2,962.80 was agreed upon by the parties as the plaintiff's damages if it could recover.

*E. J. Owens*, for the plaintiff.

*F. P. Garland & J. P. Sullivan*, for the defendants, submitted a brief.

CARROLL, J. The plaintiff seeks to recover from the defendants damages because of their refusal to furnish shipping instructions for, and their refusal to receive, two thousand barrels of Semolina flour bought by the defendants from the plaintiff.

By the written contract of July 22, 1920, the defendants under the name Seaboard Flour Co. and the address Boston, Massachusetts, purchased two thousand barrels of flour in customer's sacks at the price of $12.60 per barrel. The brand was "Semolina No. 2." The terms were "September & October Fgt. .39 Arrival Draft." The contract contained the clause "Delivered prices are based on present freight tariffs. Buyer agrees to pay any advance in rates." The freight rate of thirty-nine cents was the rate from the plaintiff's mill in Minneapolis to Boston on the day the

contract was signed. On that day the freight rate from Minneapolis to Brooklyn, New York, was thirty-seven cents. The price $12.60 was the prevailing price for Semolina flour in Boston on that date.

The first shipping instructions sent to the plaintiff were on August 27, 1920, directing shipment of a three hundred and ten barrel car of Semolina to Wallabout Station, Brooklyn, Lehigh Valley Railroad delivery. The defendants were informed by the plaintiff that it could not ship to Brooklyn as that city was exclusively the territory of its agent Zabriskie, to whom had been given the sole right to sell Semolina No. 2 flour in Brooklyn. It was found that this brand of flour was a special kind in use by makers of macaroni and, before the contract in question was made, had been sold by the plaintiff to the defendants for delivery in Boston except in one instance when the defendants requested delivery of Semolina flour to Auburn, N. Y.; that "before the plaintiffs would sign the contract in this instance they required the defendants to set the destination." The judge also found that it was a custom in the flour trade for a manufacturer to give to certain persons an exclusive agency in a designated territory, and that the defendants knew of this custom, although they did not know that Brooklyn was a restricted territory for the sale of Semolina flour until after August 27, 1920; that the parties had had dealings for about ten years before the execution of the contract in question and the plaintiff had shipped flour in accordance with the defendants' directions prior to this time. The judge further found that the contract was silent as to the place of delivery, and reported the case to this court.

In our opinion the contract on its face shows that the flour was to be shipped to Boston: the defendants' trade name and address were given as "Seaboard Flour Co. Boston Mass."; the delivered prices, $12.60 per barrel, were based on the existing freight tariffs; the rate stated, thirty-nine cents, was the freight rate to Boston; and in the absence of evidence to the contrary, or of shipping instructions given by the defendants in accordance with the terms of the contract, the plaintiff was required to deliver in Boston.

The course of dealing between the parties was not sufficient to show that the defendants could demand delivery of the Semolina flour at Brooklyn. The course of dealing does not show that flour would be delivered to the defendants in a district which was restricted. The contract sued on had reference to a particular brand of flour. There was a custom of the trade which was known to the defendants that in certain territory no one but an authorized agent could sell the flour manufactured by the plaintiff. The parties contracted with reference to this custom. The defendants did not know that Brooklyn was restricted, but they did know that if in that city the exclusive agency was given to Zabriskie, they could not insist on a delivery there. The plaintiff was not required to deliver this brand of Semolina flour at Brooklyn. *Barrie* v. *Quinby*, 206 Mass. 259.

While the course of dealing was some evidence tending to show that the flour was to be delivered according to shipping directions given by the defendants, the evidence did not go far enough to establish a right on the part of the defendants to have the flour shipped to a city or town which was restricted. The exhibits show, as found by the judge, that none of the orders for shipment was of Semolina No. 2 or of a particular brand to be delivered in any place which was restricted. Although the evidence offered by the defendants was admissible to show the course of dealing between the parties, it was insufficient to prove that deliveries were to be made in restricted districts. The plaintiff therefore can recover. Under the terms of the report, judgment is to be entered for the plaintiff in the sum of $2,962.80 with interest from July 1, 1924.

*So ordered.*